**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| ZANA KHADIJAH JOHNSON, | * | CIVIL NO. 4:14-cv-00323-REL-SBJ |
| Plaintiff, | * | |
| v. | * | **REPORT AND RECOMMENDATION** |
| | * | **FOR DISMISSAL WITHOUT** |
| MARK ANDERSON, | * | **PREJUDICE** |
| Defendant. | * | |

## I. INTRODUCTION

Plaintiff Zana Khadijah Johnson was an inmate at the Iowa Correctional Institution for Women in Mitchellville, Iowa. While incarcerated, she filed this action pro se under 42 U.S.C. § 1983 alleging she was subjected to excessive force. (*See* Complaint (Doc. No. 1).) For the reasons set forth in the following report, it is recommended that the case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for the failure to comply with a court order and to prosecute this action.

## II. REPORT

Johnson alleges that Correctional Officer Mark Anderson used excessive force during an altercation on January 1, 2014. (*See* Complaint.) Officer Anderson filed a Motion for Summary Judgment (Doc. No. 17) on January 26, 2015, asserting he is entitled to judgment as a matter of law. On March 2, 2015, Johnson filed a Motion for Summary Judgment (Doc. No. 26) asserting she is entitled to judgment as a matter of law.

The case was subsequently referred to this Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for further proceedings and submission of a report and recommendation to United States Senior Judge Ronald E. Longstaff. (Order (Doc. No. 30).) A Report and Recommendation

1

(Doc. No. 34) on the summary judgment motions was submitted on July 27, 2015. After reviewing the parties' submissions, this Magistrate Judge concluded there were genuinely disputed material facts which mandated an evidentiary hearing on the merits of Johnson's claims against Officer Anderson. It was therefore recommended that both motions be denied and an evidentiary hearing be held before this Magistrate Judge for submission of a report and recommendation regarding final disposition of the case. Neither party filed objections.

Senior Judge Longstaff entered an Order (Doc. No. 35) on August 21, 2015, adopting the Report and Recommendation in whole and denying the summary judgment motions. The case was referred to this Magistrate Judge for further proceedings. (*Id.* p. 2.) Accordingly, an evidentiary hearing was set for November 4, 2015, beginning at 1:00 p.m., in the Iowa Correctional Institution for Women in Mitchellville, Iowa. (*See* Order Setting Evidentiary Hearing (Doc. No. 36).)

On October 20, 2015, the court was informed by email from defendant's counsel that Johnson was scheduled to be released from the Iowa Correctional Institution on October 26, 2015. A Telephone Conference was held on October 26, 2015, with Johnson and defendant's attorney John McCormally. (*See* Text Minute Entry (Doc. No. 38).) Johnson provided the court with her new address in Des Moines, Iowa. (*See id.*; Text Order Re Plaintiff's Address (Doc. No. 39).) After discussion, both Johnson and Mr. McCormally agreed to relocate the evidentiary hearing to the United States Courthouse in Des Moines, Iowa. (*See* Text Minute Entry (Doc. No. 38).) Johnson indicated she knew of and was familiar with the location of the Courthouse in Des Moines. She also acknowledged she would be responsible for having an inmate witness who was no longer incarcerated appear at the Courthouse for the hearing. After the telephone conference, an order was entered as follows:

> As discussed with and agreed to by the parties, the evidentiary hearing scheduled to begin at 1:00 p.m. on November 4, 2015, shall be held at the United States

>Courthouse in Des Moines, Iowa. Counsel for defendant shall make all the arrangements as necessary to allow plaintiff's witness, Kayla Carney, to testify telephonically during the hearing from the Iowa Correctional Institution for Women in Mitchellville, Iowa. Plaintiff Zana Johnson is responsible for having her other witness, Tori Roach, appear personally at the Des Moines Courthouse on November 4, 2015, to present her testimony.

(Order Resetting Location of Evidentiary Hearing (Doc. No. 41).)

On November 4, 2015, defendant Anderson and his attorney, Mr. McCormally, appeared for the evidentiary hearing at 1:00 p.m. (*See* Clerk's Court Minutes (Doc. No. 42); Hr'g Tr. (Doc. No. 46) p. 2.) Plaintiff Johnson did not appear in the Courtroom. (*Id.*) After waiting approximately 30 minutes, this Magistrate Judge began the hearing to make an official record. (Hr'g Tr. p. 2.) Counsel for defendant indicated he had not seen Johnson in the Courthouse. (*Id.*) The Courtroom Deputy Clerk checked with the Court Security Officers at the Courthouse entrance who indicated that Johnson had not entered the building. (*Id.* pp. 2-3.) Defendant's counsel moved to renew the previously filed motion for summary judgment based on the prior written submissions. (*Id.* pp. 3-4.) The hearing concluded at 1:38 p.m. (*Id.* p. 4.)

After the hearing, on November 4, 2015, defendant Anderson filed a Motion to Dismiss (Doc. No. 42). Defendant requests that the Court dismiss this action with prejudice for failure to prosecute and/or noncompliance with a court order pursuant to Federal Rule of Civil Procedure 41. (*Id.*)

An Order for Plaintiff to Respond and Show Cause (Doc. No. 44) was entered by this Magistrate Judge on November 9, 2015. Johnson was ordered to file a written response to the Motion to Dismiss by November 25, 2015, "which fully explains her failure to appear at the Evidentiary Hearing and shows sufficient good cause as to why this action should not be dismissed for failure to prosecute." (*Id.* p. 3.) Johnson was advised explicitly that "[t]he failure to file a written response by November 25, 2015, will result in a Report and Recommendation by this magistrate judge to dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for the

failure to obey an order and the failure to prosecute." (*Id.*) Johnson was further advised that, "[u]nless otherwise ordered, a dismissal under Rule 41(b) 'operates as an adjudication on the merits.'" (*Id.*; quoting Fed. R. Civ. P. 41(b).)

The Clerk of Court was directed to send the Order (Doc. No. 44) to Johnson by both regular U.S. Mail and by Certified Mail at the address she provided to the court as reflected on the docket. (*Id.*) The Certified Mail was returned as undeliverable on November 23, 2015. (*See* Doc. No. 45.) Under this court's Local Rule 3(e), "[p]ro se parties are responsible for informing the court promptly of any changes in their address." L.R. 3(e). As of the date of this Report and Recommendation, Johnson has not filed a written response to the motion to dismiss, or a notification of change of address, or any other pleading.

### III. RECOMMENDATION

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). It is within the discretion of the court to dismiss an action under Rule 41(b) but "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008)(quoting *Givens v. A.H. Robins Co.,* 751 F.2d 261, 263 (8th Cir. 1984)). As further described by the Eighth Circuit, "a Rule 41(b) dismissal with prejudice is a drastic and extremely harsh sanction, and is proper only when there has been a clear record of delay or contumacious conduct by the plaintiff." *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013)(internal quotation marks and citations omitted); *see also Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir. 2014)(quoting *DiMercurio*).

Here, as set forth in the Report above, plaintiff Zana Johnson failed to appear at the evidentiary hearing on November 4, 2015, to prosecute her case. Plaintiff also failed to comply

4

with the court's Order for Plaintiff to Respond and Show Cause (Doc. No. 44).   For those reasons, it is recommended that the Motion to Dismiss (Doc. No. 42) filed by defendant Mark Anderson be granted in part and this action be dismissed.   Because plaintiff was just released and is proceeding pro se, and there is not a clear record of "willful disobedience of a court order or continued or persistent failure to prosecute," it is recommended the dismissal be without prejudice.   It is further recommended that defendant's oral renewed motion for summary judgment be denied as moot.

The parties shall have until **January 4, 2016**, to file specific, written objections to this recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); s*ee also* Fed. R. Civ. P. 72(b)(2); L.R. 72.1.   The "failure to file timely objections may result in waiver of the right to appeal questions of fact." *Thompson*, 897 F.2d at 357.   A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2).

The Clerk of Court is directed to serve Plaintiff Zana Johnson with a copy of this Report and Recommendation by both regular U.S. Mail and by Certified Mail at the address she provided to the court as reflected on the docket.

Dated December 15, 2015.

_____
STEPHEN B. JACKSON, JR.
UNITED STATES MAGISTRATE JUDGE